**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN WALKER,<br><br>          Plaintiff-Appellee,<br><br>  v.<br><br>CITY OF POCATELLO, IDAHO, et al.,<br><br>          Defendants-Appellants. | No. 18-35106<br><br>D.C. No.<br>4:15-cv-00498-BLW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted March 7, 2019
Portland, Oregon

Before: GRABER and BERZON, Circuit Judges, and ROBRENO,** District
Judge.

Police Chief Scott Marchand, Mayor Brian Blad, and Captain Roger Schei

(the "Individual Defendants") and the City of Pocatello appeal the district court's

denial of qualified immunity to the Individual Defendants on Lieutenant John

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

Walker's: (1) 42 U.S.C. § 1983 due process claim asserting that he had a constitutional property right in a promised promotion and was deprived of it without due process; and (2) FMLA interference claim and FMLA and Rehabilitation Act retaliation claims. Because this appeal rests only on legal issues, we have jurisdiction pursuant to 28 U.S.C. § 1291. *See Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) (providing that an interlocutory appeal of a denial of summary judgment on qualified immunity is proper if it presents a purely legal issue).

1. To determine whether an officer is entitled to qualified immunity, a court must evaluate two independent questions: (1) whether the officer's conduct violated a constitutional or statutory right, and (2) whether that right was clearly established at the time of the incident. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Courts may use their discretion in deciding which of the two prongs to analyze first. *Id.* at 236.

Walker's § 1983 claim is premised on his contention that he has a protected property right in a promotion allegedly promised to him by Mayor Blad. An individual does not typically have a property right in an anticipated or expected promotion. *Nunez v. City of Los Angeles*, 147 F.3d 867, 872-73 (9th Cir. 1998). However, a property interest can arise when the individual receives "a binding assurance of a forthcoming promotion." *Id.* at 873. The assurance "need not be formally expressed in a statute or a written contract; it can be implied from words

2                                                                    18-35106

or conduct." *Id.* at 873 n.7. "Nevertheless, there must be rules or mutually clear understandings securing the commitment." *Id.*

A review of the evidence establishes that Mayor Blad lacked the authority to provide Walker with a binding promise of a promotion. Therefore, Mayor Blad could not have had a clear understanding that he was offering a binding assurance and Walker does not have a protected property interest in the anticipated promotion. *Id.* at 873 & n.7.

Mayor Blad's lack of authority is evidenced by applicable statutes and regulations. The Pocatello Civil Service Commission Rules explain that the Chief of Police is the "Appointing Authority" under Idaho Code § 50-1602 who shall appoint, *inter alia*, police captains. State and local statutes also establish that the mayor does not have the sole discretion to make employment decisions. *See* Idaho Code § 50-204 (providing that the mayor requires the approval of the City Council to appoint officials); Pocatello City Code § 2.06.010 (same).

Declarations and testimony by city personnel confirm that: (1) although the mayor appoints the heads of various governmental offices, the Chief of Police chooses whom to promote within the City of Pocatello Police Department; and (2) in any event, all employment decisions made by the mayor are subject to the approval of the City Council. Walker has not proffered any facts that seriously

18-35106

challenge this evidence or give us reason to doubt the applicability of the Civil Service Commission Rules or the state and local statutes.

Because of the dearth of evidence supporting Walker's contention that Mayor Blad had authority to promise him a promotion, no reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Because no constitutional violation occured, the Individual Defendants are entitled to qualified immunity on Walker's § 1983 claim. *Pearson*, 555 U.S. at 232.

2.  The district court was not required to analyze whether it should grant qualified immunity to the Individual Defendants on Walker's FMLA and Rehabilitation Act claims. Because the record clearly establishes that these claims will proceed only against the City and not against the Individual Defendants, there was no need for the district court to perform a qualified immunity analysis.

We reverse and remand for proceedings consistent with this decision, including the dismissal of Walker's due process claim premised on the promotion.

**REVERSED and REMANDED.**

18-35106